IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. | § § § | |
| *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-936 |
| COLONY INSURANCE COMPANY | § § § § | |
| *Defendant.* | § | |

**PLAINTIFF ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.'S ORIGINAL COMPLAINT**

Plaintiff Associated Industries Insurance Company, Inc. ("Associated") files this Original Complaint against Defendant Colony Insurance Company ("Colony") and would show the Court as follows:

1. This is an insurance coverage dispute regarding Colony's failure to meet its obligations to defend and indemnify its insured, Framing Construction Logistics, LLC ("FCL") against claims asserted in the lawsuit styled *Passco Companies, LLC, et al. vs. RIM WP Apts, LLC., et al.*, Case Number 2022-CI-08540; In the 73rd Judicial District Court for Bexar County, Texas (the "Underlying Lawsuit"), and in the arbitration proceeding styled, *Passco Tribute DST v. Continental Real Estate Companies d/b/a Continental Building System v. R.S.&M. Contactors, LLC d/b/a River City Stucco & Masonry Contractors Co, S.A. Creative Concrete, LP, Metal Construction Materials, LLC d/b/a Paramount Steel LLC and Framing Construction Logistics, LLC,* No. 02-23-000-1519, before the American Arbitration Association (the "Underlying Arbitration"). Because of Colony's failure, Associated incurred more than its fair share of costs

related to the underlying litigation. For that reason, Associated brings this suit to declare the rights and obligations of the parties, and to recover its share of the costs that should have been borne by Colony.

## I.
## PARTIES

2. Associated is a corporation duly organized and existing under the laws of the State of Florida, with its principal place of business in New York, New York. Associated is therefore a citizen of Florida and New York.

3. Colony is a corporation duly organized and existing under the laws of the State of Virginia, with its principal place of business in Richmond, Virginia. Colony is therefore a citizen of Virginia. Per the "Service of Suit" provision in the insurance policies issued by Colony, Colony may be served through Claims Manager, Colony Insurance Company, 8720 Stony Point Parkway, Suite 400, Richmond, Virginia 23235; General Counsel, Colony Insurance Company, P.O. Box 469011, San Antonio, Texas 78246; or the Texas Commissioner of Insurance.

## II.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

5. In addition, this Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Associated and Colony are citizens of different states and the amount in controversy exceeds $75,000, excluding interests and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as the Underlying Lawsuit and Underlying Arbitration are pending in Bexar County, Texas, which is within the San Antonio Division of the Western District of Texas. Additionally, the construction project giving

rise to the Underlying Lawsuit and Underlying Arbitration is located in Bexar County, Texas, which is located within the San Antonio Division of the Western District of Texas.

## III.
## FACTUAL BACKGROUND

7. This insurance coverage dispute arises out of the construction of an apartment/retail complex known as "The Tribute at the Rim," located at 5810 Worth Parkway, in San Antonio, Texas (the "Project"). On September 1, 2015, Continental Real Estate Companies d/b/a Continental Building System ("Continental"), the general contractor, and Rim WP Apts, LLC ("Rim"), the Project's original owner, agreed to AIA Document A102-2007 Standard Form Agreement Between Owner and Contractor (the "Prime Contract") for the construction of the Project.

8. On or about February 22, 2016, FCL agreed to a subcontract with Continental to furnish, install, and complete the framing, siding, exterior trim and cornice work for the Project. From April to July 2016, FCL hired eight separate subcontractors to perform most, if not all, of FCL's various scopes of work under FCL's contract with Continental, which included installation of the following: (1) floor and roof trusses, (2) layout, (3) doors, windows, siding, trim, and building wrap, (4) wall framing, (5) floor decking, roof sheathing, and exterior sheathing.

9. The Project was substantially completed in phases from June 4, 2017, through November 22, 2017.

10. On May 15, 2019, Rim sold all its rights, title, and interest in the Project to Passco Companies, LLC via a Purchase and Sale Agreement ("PSA") and ultimately, to assignee Passco Tribute DST ("Passco") via a Bill of Sale executed on June 5, 2019. As a material part of this transaction, Passco assumed all of Rim's rights, title, and interest in and to transferable and assignable warranties and guarantees made by any party with respect to the Project.

11. Passco alleged that in approximately March of 2021, it discovered certain systemic and isolated design and construction defects related to the building envelope, including water penetration issues and leaks.

12. On May 6, 2022, Passco filed suit against Rim, Continental, and other parties, including the former owner, developer and property manager and their officers in the Underlying Lawsuit. In its Original Petition, Passco alleged systematic and isolated design and construction defects related to the building envelope which caused water penetration issues and water damage. In addition to the discovery of water penetration issues in March 2021, Passco alleges that subsequent observations revealed water damage and that a subsequent forensic investigation found evidence of past water penetration repairs, some of which occurred during construction and others that occurred post-construction or as part of maintenance. Passco asserted fraud and contract claims against Rim arising out of the PSA, breach of the Prime Contract against Continental, breach of the PSA (to which the developer was an assignee) and a Sub-Management Agreement against the developer, and conspiracy to defraud against all defendants. Passco also sought a judicial determination of its rights under the various contracts.

13. On July 8, 2022, Continental filed a Third-Party Petition for contribution and indemnity against certain subcontractors, including FCL, in the Underlying Lawsuit.

14. FCL is insured under successive commercial general liability policies issued by Colony and Associated. Colony issued Policy No. 103 GL 0026006-00, which was effective October 13, 2018 to October 13, 2019, and Policy No. 103 GL 0026006-01, which was effective October 13, 2019 to October 13, 2020. Associated issued Policy No. XXXX-00905-01, which was effective October 13, 2020 to October 13, 2021, and Policy No. XXXX-00905-03, which was

effective October 13, 2021 to October 13, 2022. Associated and Colony agreed to defend FCL, subject to a reservation of rights, issued on August 9, 2022, and December 13, 2022, respectively.

15. On December 23, 2022, the trial court granted Passco's motion to compel arbitration as to Continental and stayed the Underlying Lawsuit.

16. Passco subsequently initiated a Demand for Arbitration against Continental. In its operative Second Amended Statement of Claim, Passco alleged systematic and isolated design and construction defects related to the building envelope which caused water penetration issues and water damage. Passco alleged the discovery of systematic water penetration issues in March 2021 and that these issues were caused by numerous construction or design defects and building code violations that occurred during the work on the Project, damaging the property and requiring remediation of the Project, including internal walkways, stucco areas, adhered stone areas, roofing, sky lounge, and club house areas. Passco specifically alluded to prior indications of water staining and water damage to exterior wall framing. Passco asserts that Continental's alleged defective work breached the Prime Contract it seeks a determination of its rights under that contract.

17. Continental, in turn, joined various subcontractors, including FCL, in the Underlying Arbitration for contribution and indemnity.

18. On April 16, 2024, Colony, through its third-party claims administrator, Gallagher Bassett Services, advised FCL that it was disclaiming coverage and withdrawing its defense, effective April 23, 2024, in light of the "Exclusion -- Continuous, Progressive or Repeated – Bodily Injury or Property Damage" contained in the Colony policies that, according to Colony, precludes coverage for property damage that first occurs prior to the effective date of its issued policies. Colony's disclaimer was based on the timing of the work or defects, not the timing of the property damage.

19. On September 6, 2024, FCL's counsel wrote to Gallagher Basset demanding that Colony withdraw its disclaimer and provide a defense in light of the pleading's silence on the timing of property damage.

20. The arbitration was held on December 2, 2024, through December 20, 2024.

21. On March 25, 2025, Associated, represented by the undersigned, also wrote to Gallagher Basset demanding Colony to withdraw its disclaimer and to pay its share of past-incurred defense costs. Counsel advised that Colony's disclaimer had no basis in law or the allegations at issue which raised the potential of property damage that occurred during the Colony 2018-2020 policy periods.

22. In June 2025, the underlying litigation settled. Associated contributed to the settlement. Colony did not.

## IV.
## THE COLONY POLICIES

23. Colony issued Policy No. 103 GL 0026006-00, effective October 13, 2018 to October 13, 2019, and Policy No. 103 GL 0026006-01, effective October 13, 2019 to October 13, 2020 (together the "Colony Policies"). The Colony Policies each contain a $1 million Each Occurrence Limit, a $2 million Products Completed Operations Aggregate Limit, and a $2 million General Aggregate Limit.

24. The Colony Policies contain, in relevant part, the following Insuring Agreement under Paragraph 1 of Section I – Coverages – Coverage A – Bodily Injury and Property Damage:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

* * *

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

       1. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

       2. The "bodily injury" or "property damage" occurs during the policy period . . .

* * *

25.   The Insuring Agreement contained in the Colony Policies provide insurance coverage "damages" that FCL becomes legally obligated to pay because of "property damage" which is caused by an "occurrence" and which occurs during the "policy period." "[P]roperty damage" involving "physical injury to tangible property" is "deemed to occur at the time of the physical injury that caused it." Property damage involving the "[l]oss of use of tangible property" is "deemed to occur at the time of the 'occurrence' that caused it." The Colony Policies define "property damage" as "physical injury to tangible property, including all resulting loss of use" of physically injured or uninjured property. The Colony Policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

26.   The Colony Polices include an endorsement captioned "Exclusion -- Continuous, Progressive or Repeated – Bodily Injury or Property Damage" [U073-815] (the "C&P Exclusion"), which provides as follows in relevant part:

## EXCLUSION – CONTINUOUS, PROGRESSIVE OR REPEATED – BODILY INJURY AND PROPERTY DAMAGE

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PAR**

A. **SECTION I – COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended to include the following:

This insurance does not apply to:

**Continuous, Progressive, or Repeated Bodily Injury or Property Damage**

"bodily injury" or "property damage", including any continuous or progressively deteriorating or repeated "bodily injury" or "property damage" that first occurs:

(1) prior to the effective date of this Policy and continues during the policy term; or

(2) prior to the effective date of this Policy, continues during the Policy term, and ends after the expiration date of this Policy.

This exclusion applies regardless of, whether such "bodily injury" or "property damage" is known or unknown by any "Insured".

However, this exclusion does not apply to "bodily injury" or "property damage", including continuous or progressively deteriorating or repeated "bodily injury" or "property damage", that first occurs during the Policy term and ends after the expiration date of this Policy.

B. **SECTION V - DEFINITIONS** is amended and the following added:

"Insured" means any person or organization qualifying as an insured under **SECTION II - WHO IS AN INSURED** along with either any additional named insured or additional insured, whether added to this Policy by endorsement or otherwise.

# V.
# COUNTS

**A.   COUNT I – BREACH OF CONTRACT/CONTRACTUAL SUBROGATION**

27.   Associated alleges and incorporates by reference the allegations found in paragraphs 1 to 26 above.

28.   Colony breached its contract with FCL by failing to contribute its fair share, to be determined in this lawsuit, of the approximately $256,948.38 to date in defense costs, and its fair share, to be determined in this lawsuit, of the $3,350,000.00 settlement on behalf of FCL.

29.   Associated has been damaged by Colony's breach. Associated has overpaid for defense and settlement costs because of Colony's refusals.

30.   Associated is contractually subrogated to FCL's rights against Colony pursuant to the Associated Policies issued to FCL and applicable law.

31.   Associated is entitled to recoup the past defense costs it has expended due to Colony's breach for refusing to defend FCL. Associated is also entitled to recover its attorneys' fees for prosecuting this action due to Colony's breach of the Colony Policies issued to FCL pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 38.001 *et seq*.

**B.   COUNT II – CONTRIBUTION**

32.   Associated re-alleges and incorporates by reference paragraphs 1–31 above.

33.   Associated is entitled to recover from Colony under the theory of equitable contribution.

34.   The right of action for equitable contribution requires that the several insurers share a common obligation, and that the insurer seeking contribution has discharged more than its fair share of the common obligation.

35. Colony had an obligation to defend and indemnify FCL in the Underlying Lawsuit and the Underlying Arbitration. Because of Colony's failure to meet those obligations, Associated has discharged more than its fair share of the common obligation to FCL.

36. Associated is entitled to recoup from Colony for the past defense and settlement costs it has expended in excess of its proportionate share.

### C. COUNT III – DECLARATORY RELIEF

37. Associated re-alleges and incorporates by reference paragraphs 1–35 above.

38. Associated is entitled to a declaration that Colony had a duty to defend and indemnify FCL in the Underlying Lawsuit and Underlying Arbitration.

39. Associated is entitled to a declaration that Colony breached its duty to defend and indemnify FCL in the Underlying Lawsuit and Underlying Arbitration.

40. Alternatively, Associated asks the Court to construe the relevant insurance policies and declare the rights and obligations of the parties.

### D. COUNT IV – ATTORNEY FEES

41. Associated also prays for recovery of the attorney fees it incurred in prosecuting this action, pursuant to section 38.001 of the Texas Civil Practice and Remedies Code, as contractual subrogee FCL.

42. Associated has satisfied all requirements of section 38.002 of the Texas Civil Practice and Remedies Code.

43. Associated is represented by the undersigned attorneys.

44. Associated presented the some or all of its claim to Colony more than 30 days ago, and Associated has not agreed to pay the amount owed.

45. In the alternative, Associated prays for recovery of the attorney fees it incurred in prosecuting this action under the principles of equitable subrogation

## VI.
## JURY TRIAL

46. Pursuant to Federal Rule of Civil Procedure 38, Associated requests a jury trial on all issues so triable.

## VII.
## PRAYER

Based upon the foregoing, Associated prays for the relief set out above, for its costs, pre- and post-judgment interest, its attorney fees and for such other and further relief to which it is justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

*/s/ Christina A. Culver*
CHRISTINA A. CULVER
SBN: 24078388
cculver@thompsoncoe.com
RODRIGO "DIEGO" GARCIA, JR.
SBN: 00793778
dgarcia@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8282
Facsimile: (713) 403-8299

**ATTORNEYS FOR PLAINTIFF ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.**